GEORGIA KILPATRICK v. BOARD OF EDUCATION OF THE TOWN OF FAIRFIELD ET AL.
(13072)

HEALEY, CALLAHAN, GLASS, COVELLO and SANTANIELLO, Js.

Argued November 5, 1987—decision released January 19, 1988

*William J. Kupinse, Jr.,* with whom, on the brief, was *George J. Markley,* for the appellant (plaintiff).

*William J. Dolan,* for the appellees (defendants).

SANTANIELLO, J. The plaintiff, Georgia Kilpatrick, a member of the teaching staff of the Fairfield public schools, brought this action seeking a permanent injunction against and damages from the board of education of the town of Fairfield (board) and the Fairfield Education Association, Inc. (FEA). The plaintiff claims that service fees that the defendants collected from the plaintiff were illegal because they exceeded the dues of the FEA, and thereby violated General Statutes § 10-153a (b).[1] The trial court denied the plaintiff's request for a permanent injunction and damages. The plaintiff has appealed. We find no error.

The trial court's memorandum of decision and the record reveal the following facts: The plaintiff is not a member of the FEA, which is the exclusive bargaining agent for all teachers in the Fairfield public schools. Pursuant to a collective bargaining agreement between the defendants, all teachers in the Fairfield public

---

[1] General Statutes § 10-153a (b) provides: "Nothing in this section or in any other section of the general statutes shall preclude a local or regional board of education from making an agreement with an exclusive bargaining representative to require as a condition of employment that all employees in a bargaining unit pay to the exclusive bargaining representative of such employees an annual service fee, not greater than the amount of dues uniformly required of members of the exclusive bargaining representative organization, which represents the cost of collective bargaining, contract administration and grievance adjustment; and that such service fee be collected by means of a payroll deduction from each employee in the bargaining unit."

schools are required either to join the FEA, or to pay to the FEA a service fee which is equivalent to the proportion of FEA dues uniformly required of members to underwrite the costs of collective bargaining, contract administration and grievance adjustment.[2] All members of the FEA are also required to be members of the Connecticut Education Association (CEA) and the National Education Association (NEA). FEA members were required to pay as dues a total of $346 for the academic year 1985–1986. Of the total, $127 was allocated directly to the FEA as dues, and $219 was allocated to the CEA and the NEA. The plaintiff was assessed 79.9 percent of the total dues of FEA members as a service fee ($274), and a portion of that service fee went to the CEA and the NEA.

The trial court found that since the CEA and the NEA render assistance to the FEA in collective bargaining, contract administration and grievance adjustment, it was not a violation of General Statutes § 10-153a (b) for the local teachers organization to allocate part of the service fee to the CEA and the NEA.

The plaintiff argues in her appeal that the court erred in: (1) failing to find that the service fee that the defendants collected from her was illegal because it exceeded the dues of the FEA, and thereby violated § 10-153a (b); and (2) failing to grant the plaintiff a permanent injunction and to award damages.

---

[2] The collective bargaining agreement between the board and the FEA, for the period July 1, 1984, through June 30, 1986, provided: "10.9 DUES DEDUCTION AND SERVICE FEE DEDUCTION.

"1. Conditions of Continued Employment.

"All bargaining unit employees of the Fairfield Board of Education shall, as a condition of continued employment join the Association or pay a service fee to the Association. Said service fee shall be equal to the proportion of Association dues uniformly required of members to underwrite the costs of collective bargaining, contract administration and grievance adjustment."

## I

This appeal focuses on the issue of whether the service fee provided for in the collective bargaining agreement between the defendants violates the express terms of § 10-153a (b). That section provides in part that all employees in a bargaining unit may be required as a condition of employment to "pay to the exclusive bargaining representative of such employees an annual service fee, not greater than the amount of dues uniformly required of members of the exclusive bargaining representative organization, which represents the cost of collective bargaining, contract administration and grievance adjustment . . . ." There are therefore two requirements pursuant to this section for assessing fees to nonmembers of an exclusive bargaining representative. First, the fees must not be greater than the amount of dues uniformly required of members of the exclusive representative, and second, the fees must represent the costs of collective bargaining, contract administration and grievance adjustment.

## A

The first requirement of § 10-153a (b) is that the annual service fee may not be "greater than the amount of dues uniformly required of members of the exclusive bargaining representative organization . . . ." The words of a statute are to be given their commonly approved meaning unless a contrary intent is clearly expressed. *State v. Pellegrino,* 194 Conn. 279, 284, 480 A.2d 537 (1984). Intent is to be ascertained from the language of the statute if plain and unambiguous. *State v. Delafose,* 185 Conn. 517, 521, 441 A.2d 158 (1981). The courts must apply enactments according to their plain terms, and cannot read into a statute something that is not there. *Johnson v. Manson,* 196 Conn. 309, 315, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063,

106 S. Ct. 813, 88 L. Ed. 2d 787, reh. denied, 475 U.S. 1061, 106 S. Ct. 1290, 89 L. Ed. 2d 597 (1986). The plaintiff is asking this court to interpret § 10-153a (b) to mean that the service fee may not be greater than the amount of FEA dues uniformly required of members. It is clear from the language of § 10-153a (b) that the intent of the legislation is to require employees in a bargaining unit, who are not members of the exclusive representative, to pay their fair share of the costs of collective bargaining, contract administration and grievance adjustment. Since the legislature has failed to provide that a nonmember employee is required to pay a fee not greater than the "local" dues of the exclusive representative, we cannot read this limitation into the statute.

The United States Supreme Court has recognized that "[t]he tasks of negotiating and administering a collective-bargaining agreement and representing the interests of employees in settling disputes and processing grievances are continuing and difficult ones. They often entail expenditures of much time and money." *Abood* v. *Detroit Board of Education,* 431 U.S. 209, 221, 97 S. Ct. 1782, 52 L. Ed. 2d 261 (1977). Employees in a bargaining unit who reap the benefits of an exclusive representative's collective bargaining efforts may be required to pay their fair share of the costs of those efforts. *Railway Employes' Department* v. *Hanson,* 351 U.S. 225, 238, 76 S. Ct. 714, 100 L. Ed. 1112 (1956).

In the present case, there is no dispute that the FEA is the exclusive bargaining representative for the Fairfield public schools. There is also no dispute that members of the FEA are required as well to be members of the CEA and the NEA, and are thus assessed annual dues for these memberships.[3] Since a member of the

---

[3] At oral argument, the parties stated that a member of the FEA was also required to be a member of the CEA and the NEA. Counsel for the plaintiff did note that this requirement was mandated by the CEA and the NEA, and not by the FEA.

FEA is required to pay dues to the FEA, the CEA, and the NEA, then, pursuant to § 10-153a (b), a nonmember may be assessed a service fee not greater than the total dues of the three organizations relating to the costs of collective bargaining, contract administration and grievance adjustment. Accordingly, the trial court did not err in holding that the defendants' service fee arrangement did not violate the first requirement of § 10-153a (b).

## B

The second requirement of General Statutes § 10-153a (b), is that the service fee must represent the costs of collective bargaining, contract administration and grievance adjustment. The trial court found that the CEA and the NEA render assistance to the FEA in collective bargaining, contract administration and grievance adjustment. The plaintiff did not dispute this finding or the particular amounts apportioned. Therefore, the trial court did not err in holding that the defendants' service fee arrangement did not violate § 10-153a (b).

## II

In light of our holding that the service fees assessed under the collective bargaining agreement did not violate § 10-153a (b), we need not address the issue of damages, or the failure of the trial court to issue a permanent injunction.

There is no error.

In this opinion the other justices concurred.