[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action the plaintiff, the Connecticut Light and Power Company (CLP), brought a three count complaint to collect unpaid bills for utility services against three defendants, Overlook Park Health Care, Inc. ("Overlook"), a multi-unit nursing home located at 4 Elmcrest Terrace, Norwalk, and Herman Engelberg and Arnold Polokoff, the owners of said property. In Count One, plaintiff alleges that defendant Overlook breached an implied contract to pay for services provided by plaintiff in the amount of $24,477.04. In Count Two, plaintiff maintains that defendants Engelberg and Polokoff, as owners of the subject property, are liable for said utility services pursuant to General Statutes 16-262e(c). Count Three claims that defendant Overlook is liable for said services pursuant to the same statute.
Pursuant to Practice Book 378, defendants Engelberg and Polokoff move for summary judgment as to plaintiff's second count.
The court may render summary judgment provided that the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384. "The movant has the burden of showing the nonexistence of such issues . . . [while] the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Hammer CT Page 807 v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579, ___ A.2d ___ (1990).
In their motion for summary judgment as to Count Two, defendants Engelberg and Polokoff argue that the subject premises located at 4 Elmcrest Terrace in Norwalk is a "commercial building" and therefore is not within the scope of General Statutes (16-262e(c) which applies to "residential dwellings." In support of this contention, defendants filed affidavits from the Town of Norwalk's Zoning Inspector, the Town's Assistant Assessor, and the defendants themselves. In substance, these documents allege that the subject property is a commercial building zoned, classed and valued for commercial or business use. Additionally, defendants attached certain excerpts from the legislative history of Public Act 84-321, codified as General Statutes 16-262e(c).
In opposition, the plaintiff presented counsel's affidavits and a copy of CLP's rules and regulations. Essentially, these documents reveal that residential uses are permitted in areas zoned as neighborhood businesses and that all residential property containing more than three single family units is classified as "commercial property." Thus, plaintiff maintains that the subject property, although commercially zoned, is nevertheless a residential property within the ambit of General Statutes 16-262e(c).
This section provides in pertinent part that:
 "The owner, agent, lessor or manager of a residential dwelling shall be liable for the cost of all electricity, gas, water or heating fuel furnished by a public service company, municipal utility or heating fuel dealer, except for any service furnished to any dwelling unit of the building on an individually metered or billed basis for the exclusive use of occupants of that dwelling unit. If service is not provided on an individually metered or billed basis and the owner, agent, lessor or manager fails to pay for such service and the occupant who receives service in his or her own name may deduct, in accordance with the provisions of sub-section (d) of this section, a reasonable estimate of the cost of any portion of such service which is for the use of occupants of dwelling units other than such occupants dwelling unit." (emphasis added).
General Statutes 16-262e(c).
Questions as to statutory interpretation ordinarily present questions of law. See Plastic Distributors, Inc. v. Burns, 5 Conn. App. 219, 225, 497 A.2d 1005 (1985). "In CT Page 808 seeking to discern legislative intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to legislative practice and policy, and to judicial construction." Petti v. Balance Rock Associates, 12 Conn. App. 353, 359, 520 A.2d 1083 (1987).
The words of a statute are to be given their commonly approved meaning unless a contrary intent is clearly expressed. Kilpatrick v. Board of Education, 206 Conn. 25, 28,535 A.2d 1311 (1988).
First the language of General Statutes 16-262e(c) specifically provides that the "owner, agent, lessor or manager of a residential dwelling shall be liable" for certain enumerated utility services. The issue is whether the instant nursing home falls within the definition of a residential dwelling so as to impose liability pursuant to 16-262e.
This statute is contained in Chapter 283 entitled Department of Public Utility Control: Telegraph, Telephone, Illuminating, Power and Water Companies. This chapter fails to provide a definition of the term "residential dwelling." Furthermore, neither litigant has supplied the court with such a definition.
Although it is recognized that heading or titles of legislation are not conclusive, they may, nonetheless, be valuable aids to construction and legislative intent. Algonquin Gas Transmissions Co. v. Zoning Board of Appeals,162 Conn. 50, 55, 291 A.2d 204 (1971). Section 16-262e
is entitled:
 Notice furnished tenants by utility re intended termination. Assumption by tenants of liability for future service. Liability of landlords for certain utility services. Deduction from rent. (emphasis added).
A tenant, as defined by statute, means a "person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others. . . ." General Statutes 47a-1(1). A rental agreement concerns the use and occupancy of a dwelling unit. A dwelling is commonly construed as a building or construction used for residence. Greenwich v. Kristoff,2 Conn. App. 515, 520, 481 A.2d 77 (1984). Rent refers to a periodic payment under the rental agreement.
The common usage expressed by the terms in the heading of 16-262e anticipates situations in which landlords obtain monthly rents from tenants in exclusive control of CT Page 809 a dwelling unit for residential purposes. In this case, the actual "tenant", Overlook Park, Inc., is using the premises as a commercial enterprise, namely, the operation of a full service nursing home facility for persons unable to maintain their own independent existence.
Additionally, a review of the legislative history reveals that numerous speakers in support of the legislation consistently referred to landlords, tenants, apartments, and low income housing in conjunction with the obligation to pay for utility services which are not individually metered. See 27 H.R. Proc., Pt. 9, 1984 Sess. pp 3274-75. Furthermore, subsections 16-262e(c) and (d) permit the occupant of any residential dwelling "who receives services in his own name" to deduct a reasonable estimate of the cost of such utility service from his rent.
The legislative history and language of 16-262
does not appear to anticipate the inclusion of tenants commercially using the premises as a full service nursing home facility.
Alternatively, the Overlook Park Nursing Home is defined in Chapter 368 v; Health Care Institutions, 19a-490
(c), 19a-511, and 19a-521, as a licensed institution which provides in addition to personal care, food and shelter, nursing and medical supervision twenty-four hours per day. Also contained within these definitional provisions are other institutions such as hospitals, mental health facilities and alcohol and drug treatment facilities. Nursing home occupants do not pay a monthly rent under a rental agreement to occupy a dwelling to the exclusion of others. Nursing home residents require total personal care and pay a total fee for such as they tend to be incapable of sustaining an independent existence.
Although an occupant of a nursing home maintains some personal control over his property, that is certainly distinguishable from an undertaking between a landlord and tenant who is charged for heat and utilities not individually metered after taking exclusive possession, use and care of certain rooms or dwelling units. A building designed to provide food, shelter, and total care services to occupants during their tenancy is not within the ambit of a residential dwelling as prescribed in section 16-262e.
Furthermore, General Statutes 19a-109 contains certain protections, including notice provisions, preventing the termination of services to residential buildings and/or places of business. CT Page 810
Therefore, it is found that General Statutes 16-262e
does not apply to nursing homes such as the one involved in this case, and the defendants' motion to strike Count Two should be and is granted accordingly.
SO ORDERED.
Dated at Stamford, Connecticut this eighth day of August, 1990.
WILLIAM B. LEWIS, Judge