[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came before the court on January 21, 1993 and was continued to February 22, 1993 for the filing of the claimant's brief and, thereafter, to March 8, 1993 when the defendant filed his reply brief and final arguments were heard.
The claimant, who is pro se, filed this appeal of an Appeals Referee's decision which reversed the determination of the Administrator that the claimant was entitled to unemployment benefits. The Appeals Referee's decision disqualified the claimant to receive benefits and charged him with an overpayment for all benefits received while ineligible. That ruling is the subject of this appeal.
The decision of the Appeals Referee was mailed to the CT Page 5230 claimant on April 10, 1992, together with a notice of his rights to appeal and that the decision would become final on the twenty-second calendar day after the date of mailing unless appealed or a motion filed to reopen, vacate, set aside or modify the decision before the twenty-second day. That notice specifically warned the claimant that an appeal had to be made by May 1, 1992.
Notwithstanding the detailed notice of the right to appeal, including the mailing date of "April 10, 1992" contained in the decision itself and referenced to as the date the twenty-one day appeal period commenced to run, the claimant failed to file a timely appeal. He argues, essentially, that he has "good cause" for the late filing of his appeal because it was his belief that the term "mailed" as used in 31-248, General Statutes, and31-237g-34, Reg. Conn. Agencies, meant the date that the envelope was postmarked instead of the date set forth in the decision as the "date mailed."
The claimant offered neither the envelope (asserting that it was discarded prior to the filing of this appeal) nor any law in support of his argument. A postmark is what is placed upon envelopes, packages and other materials by the postal service and, as such, is under the control of that service. Generally, the postmark is a cancellation placed on the envelope and contains certain information, including the town and state, the month, day and year. A postmark has been held to be an indication of when a letter is mailed and sent and the date a letter is mailed is not synonymous with the date that it is postmarked. See, The New Haven County Bank v. Mitchell, 15 Conn. 206,207 (1842).
Section 31-248, Conn. General Statutes, provides that "[a]ny decision of a referee. . .shall become final on the twenty-second calendar day after the date on which a copy of the decision is mailed to the party." The decision, admittedly read by the claimant, conformed to the statutory provision in every respect, including giving "the date mailed" and the requirements a party should follow to address an adverse decision. The words of the statute must be given their plain, ordinary and commonly approved meaning unless a contrary intent is clearly expressed. Kilpatrick v. Board of Education, 206 Conn. 25, 28 (1988).
The claim that the Board of Review's refusal to allow a late appeal of the referee's findings was arbitrary, unreasonable or CT Page 5231 illegal is not supported by the record before the court. The argument that claimant's misunderstanding of the date of mailing constituted good cause to permit a late finding, fails in the light of the undisputed facts. The notice of the decision sent to the claimant clearly states what constitutes the date of mailing. Moreover, the last page of that decision gives notice of the last day for filing a timely appeal and is printed in bold type with capital letters so as to stand out and draw the reader's attention.
The decision of the Board of Review is affirmed and the appeal is dismissed.
BY THE COURT:
LEANDER C. GRAY, JUDGE