### STATE OF CONNECTICUT *v.* JOHN PHILLIPS (2532)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued November 1, 1988—decision released January 24, 1989

*Timothy H. Everett,* with whom, on the brief, was *Donald S. Brown,* certified legal intern, for the appellant (defendant).

*Corinne L. Klatt,* assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, *Patricia A. King,* assistant state's attorney, and *Susan Willcox-Johnson,* certified legal intern, for the appellee (state).

O'CONNELL, J. The defendant was convicted, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70, unlawful restraint in the first degree in violation of General Statutes § 53a-95 and burglary in the first degree in violation of General Statutes § 53a-101 (a) (2).[1] He appeals only from the burglary conviction claiming that the trial court's jury instruction misdefined "bodily injury" and thus permitted the jury to convict him on a nonstatutory theory of criminal liability. We find no error.

The jury could reasonably have found the following facts. On September 2, 1983, the defendant broke into the apartment of a small, frail, eighty-one year old woman, tied her wrists to the bed with nylon string and plastic handcuffs, gagged her, stripped off part of her clothing, rendering her naked from the waist down, and sexually assaulted her. Throughout the assault the victim was screaming and crying. The commotion caused by the assault brought a rescuer and eventually the victim was transported to a hospital by ambulance. A medical examination disclosed that the victim suffered superficial external vaginal lacerations, as well as internal vaginal abrasions with minimal bleed-

---

[1] The applicable portion of General Statutes § 53a-101 (a) provides: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and . . . (2) in the course of committing the offense he intentionally, knowingly, or recklessly inflicts or attempts to inflict bodily injury on anyone."

ing, together with bruises on her lip and wrists and red scratch marks on her neck, the apparent result of excessive pressure.

Burglary in the first degree includes certain aggravating factors. In the present case, the sole aggravating factor alleged was the infliction of bodily injury.[2] The defendant claims that the court erred in defining this factor as "impairment of physical condition or pain" because such definition applies only to "physical injury" defined in General Statutes § 53a-3 (3).[3] The focus of his argument involves the definition of pain. He contends that bodily injury relates solely to physical pain and injuries, whereas the court's definition improperly permitted the jury to rely exclusively on evidence concerning the victim's mental pain. Hence, the defendant argues that the court illegally broadened the scope of criminal liability necessary to find burglary in the first degree.

The court's jury instructions did not define "pain," leaving the jury to apply the common usage of the word. See *State* v. *Grant,* 6 Conn. App. 24, 28–29, 502 A.2d 945 (1986). Admittedly, "pain" has two common connotations, one physical and one mental. Webster, Third New International Dictionary defines pain as "a state of *physical* or *mental* uneasiness that ranges from mild discomfort or dull distress to acute often unbearable agony." (Emphasis added.) The defendant concedes there is ample evidence of bodily injury. Furthermore, the court referred to "bodily injury" eight times as the aggravating element in burglary in the first degree.

[2] The relevant portion of the jury instruction reads as follows: "The aggravating factor present which raises the crime of burglary in general to first degree burglary is the infliction or attempt to inflict bodily injury.

"Bodily injury has been defined as impairment of physical condition or pain."

[3] General Statutes § 53a-3 (3): " 'Physical injury' means impairment of physical condition or pain."

This was sufficient to dispel any claim that the jury relied exclusively on evidence concerning the victim's emotional trauma in convicting the defendant.

The defendant inappropriately relies on *State* v. *Milum,* 197 Conn. 602, 500 A.2d 555 (1985), to support his claim. There, the Supreme Court found that testimony of emotional trauma suffered by an assault victim was irrelevant because pain, as found in the definition of physical injury "is '[m]ental suffering or distress.' 3 Schmidt, Attorneys' Dictionary of Medicine (1985) p. P-4." Id., 618–19. That court, however, was applying this definition to "serious physical injury" as an element of assault in the first degree (§ 53a-59 [a]), a situation clearly distinguishable from the present case. Furthermore, the *Milum* court held that the trial court's failure to strike the testimony at issue was harmless error because sufficient evidence of physical injury existed to submit the issue to the jury. Id., 620. Because this defendant specifically states that he is not raising an insufficiency of the evidence claim, even if we were to find error, it would be harmless.

It is elementary jurisprudence that a jury charge is to be considered in its entirety and no part of it is to be critically dissected in order to find a technical inaccuracy in one portion, read in artificial isolation from the overall charge. *State* v. *Jasper,* 200 Conn. 30, 37, 508 A.2d 1387 (1986). "Jury instructions need not be 'exhaustive, perfect, or technically accurate,' as long as they are 'correct in law, adapted to the issues, and sufficient for the guidance of the jury.' " *State* v. *Green,* 11 Conn. App. 575, 580, 528 A.2d 855, cert. denied, 205 Conn. 804, 531 A.2d 938 (1987). Microscopic examination of a jury charge in an effort to find error has been consistently discountenanced by our courts. *State* v. *Mastropetre,* 175 Conn. 512, 524, 400 A.2d 276

(1978); *State* v. *Lopez,* 5 Conn. App. 599, 604, 502 A.2d 418 (1985), cert. denied, 199 Conn. 803, 506 A.2d 146 (1986).

We will not find error in the jury instruction by construing one word, namely pain, in a hypertechnical manner. The charge, read as a whole, was adequate to guide the jury to a correct verdict.

There is no error.

In this opinion the other judges concurred.