FRANK E. FONSWORTH, JR., ET AL. *v.*
STEVEN B. SUDOL ET AL.
(7176)

O'CONNELL, STOUGHTON and NORCOTT, Js.

Argued June 14—decision released August 15, 1989

*Susan K. Smith,* with whom was *Hubert J. Santos,* for the appellants (plaintiffs).

*Grant H. Miller, Jr.,* with whom, on the brief, was *John D. Palermo,* for the appellee (defendant Charles Mitchell).

PER CURIAM. The plaintiffs appeal from a judgment rendered in favor of the defendant Charles Mitchell in a negligence action arising out of a motor vehicle collision. The jury could reasonably have found that the plaintiff Frank E. Fonsworth, Jr.,[1] was a passenger in a van operated by the defendant Charles Mitchell (hereinafter the defendant)[2] when it was hit from the rear by a vehicle operated by the named defendant, Steven B. Sudol, on Main Street in Hartford. Immediately before the collision, both vehicles had been stopped at a traffic light. When the light turned green, the vehicles proceeded through the intersection. Intending to pull to the right curb, the defendant activated his right turn signal and slowed down. The Sudol vehicle struck the van while it was still moving, and the plaintiff Frank E. Fonsworth, Jr., was injured. The case went to trial, and the jury returned a defendant's verdict.

The plaintiffs' appeal raises four grounds of error, three relating to jury instructions and one pertaining

[1] The complaint included a second count on behalf of Gwendolyn Fonsworth, the wife of Frank E. Fonsworth, Jr., seeking damages for loss of consortium.

[2] The plaintiffs initially brought suit against both the defendant Charles Mitchell and Steven B. Sudol. Approximately one month before trial, the case against Sudol was settled and the plaintiffs withdrew their complaint against him.

to the defendant's examination of Sudol as a hostile witness. We find no error.

We have carefully examined the jury instructions in light of the record, transcript, briefs and oral argument. We conclude that they meet the familiar standard that jury instructions need not be perfect or exhaustive as long as, considered in their entirety, they are adapted to the issues, legally correct, sufficiently clear to guide the jury and fairly present the case without injustice to either party. *State* v. *Phillips,* 17 Conn. App. 391, 394, 552 A.2d 837 (1989).

The plaintiffs' remaining claim of error attacks the trial court's ruling that allowed the defendant to treat Sudol as a hostile witness, thereby permitting leading questions on direct examination. It is axiomatic that trial courts have broad discretion to allow leading questions on direct examination depending upon the circumstances of the individual case. *Wright* v. *Blakeslee,* 102 Conn. 162, 168, 128 A. 113 (1925). We point out that up to a month before trial, Sudol had been a codefendant and a party whose interest was adverse to that of the defendant. Furthermore, Sudol's deposition disclosed that he would have been a difficult witness to examine. In view of these facts, we conclude that the trial court did not abuse its discretion.

The plaintiffs have the burden, as the appellants, to show that there was error in the judgment from which the appeal was taken. *Janet* v. *Scarpetti,* 17 Conn. App. 825, 552 A.2d 1225 (1989); B. Holden & J. Daly, Connecticut Evidence § 60i (1988). We find that the plaintiffs have not met their burden.

There is no error.