## STATE OF CONNECTICUT *v.* RICHARD PALADINO
## (7038)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued June 20—decision released September 5, 1989

*Julian Schlesinger,* with whom, on the brief, was *Michael Sucoll,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Herbert Carlson,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction of one count of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1), one count of assault in the second degree in violation of General Statutes § 53a-60 (a) (2), one count of carrying a pistol without a permit in violation of General Statutes § 29-35 and one count of criminal use of a pistol in violation of General Statutes § 53a-217 (a).

On appeal, the defendant challenges only his manslaughter and assault convictions. He claims that the trial court erred (1) in instructing the jury on the duty to retreat, (2) in failing to give a unanimity charge, and (3) in improperly commenting on the evidence. We find no error.

The jury could reasonably have found the following facts. The defendant and the driver of another car were involved in an altercation at an intersection in New Britain on the evening of January 3, 1987. The defendant displayed a .25 caliber pistol and, following a brief exchange of words, the other driver returned to his car and started to drive away. In an apparent attempt to disable the vehicle, the defendant shot at the left rear tire as it pulled away. The driver stopped his car, and he and his passenger, who carried a club, exited the vehicle and approached the defendant. They stopped approximately five to ten feet from the defendant at which time the defendant shot and fatally wounded the other driver. The passenger dropped the club and turned to run back toward the car when the defendant shot and wounded him in the leg. Immediately after the shooting, the defendant fled the scene. Additional facts are included in the discussion of the relevant claims of error.

## I

The defendant's first claim of error pertains to the trial court's instruction concerning the defendant's obligation to retreat as part of his claim of self-defense. General Statutes § 53a-19 provides in pertinent part: "A person is not justified in using deadly physical force upon another person if he *knows* that he can avoid the necessity of using such force with complete safety . . . by retreating . . . . " (Emphasis added.) The court's instruction did not include the factor of the defendant's knowledge of his ability to retreat. The state concedes that this omission rendered the charge technically flawed but argues that, under the circumstances of the present case, the error was harmless. We agree.

In *State* v. *Quintana,* 209 Conn. 34, 47–48, 547 A.2d 534 (1988), our Supreme Court resolved the same question presented here. In *Quintana,* the jury was presented with conflicting versions of a stabbing. The defendant's witness portrayed the stabbing as an act of self-defense in response to an unprovoked attack by the victim. There, as here, the trial court failed to instruct the jury properly on the defendant's knowledge of his ability to retreat and thus to avoid the situation. The Supreme Court, however, found that failure to be harmless error. It held that the principal factual issues for the jury were dependent on which of the two versions of the stabbing it believed and not on the subtleties of the law of self-defense, such as the defendant's subjective knowledge of the availability of safe retreat. Id.

In this case, as in *Quintana,* the jury was faced with two conflicting versions of the events of January 3, 1987. Therefore, the ultimate question before the jury was one of credibility and not of the defendant's subjective knowledge of a safe avenue of retreat. The state

presented a scenario in which one of the victims was unarmed and both had stopped five to ten feet away from the defendant, who was armed with a pistol. By contrast, the defendant's version depicted the two victims charging toward him, one armed with a knife and the other armed with a club with a studded leather thong at one end. According to this version, the defendant was struck twice on the arm when the victim swung the club at his head and while the second victim was coming at him with a knife and yelling, "You're dead!" Thus, the central issue for the jury was whether the defendant shot his victims to protect himself from further beatings and a possible stabbing, or whether he shot them while they stood stationary, five to ten feet away. Obviously, it found the state's version more credible. Thus, in this context, the question of retreat was relatively insignificant.

It is fundamental that a portion of a jury charge is not to be judged in artificial isolation but must be considered in the context of the entire instruction. *State* v. *Quintana,* supra, 47; *State* v. *Phillips,* 17 Conn. App. 391, 394, 552 A.2d 837 (1989). The instruction must be examined from the viewpoint of its effect on the jury in guiding it to a proper verdict. *State* v. *Quintana,* supra. Read as a whole, the self-defense instruction in the present case, although not in strict accordance with § 53a-19 (b), " 'presented the case to the jury in a manner so that no injustice . . . result[ed].' " *State* v. *Quintana,* supra, quoting *State* v. *DeJesus,* 194 Conn. 376, 391, 481 A.2d 1277 (1984). We conclude that it is not reasonably possible that the jury was misled, and thus, the erroneous instruction does not amount to reversible error. *State* v. *Quintana,* supra, 50.

## II

In his second claim, the defendant argues that the court erred in failing specifically to instruct the mem-

bers of the jury that they had to agree unanimously on which of the four elements that disprove self-defense defeated the defendant's claim. The defendant did not file a request to charge on the unanimity issue, nor did he take an exception to the instructions as given, as mandated by Practice Book §§ 852 and 4185. This court is not bound to consider any claim that is not properly preserved for appeal. Practice Book §§ 852, 4185; *State v. Bailey,* 209 Conn. 322, 328, 551 A.2d 1206 (1988); *State v. Avila,* 13 Conn. App. 120, 123–24, 534 A.2d 913 (1987). Despite his failure to preserve the claim for appeal, the defendant argues that the claim is reviewable under *State v. Evans,* 165 Conn. 61, 70, 327 A.2d 526 (1973). We disagree.

Before allowing full review of unpreserved claims under *Evans,* we must first give the record a limited review to determine "whether the defendant's claim is truly of constitutional proportions or is simply characterized as such by the defendant. In those instances in which the Supreme Court . . . has already clearly indicated that the particular claim is or is not of constitutional proportions and therefore reviewable or not reviewable, a summary 'yes' or 'no' answer may be sufficient." *State v. Bailey,* supra, 329–30 n.4.

The present case qualifies for a summary "no." As in *Bailey,* the record here discloses that the evidence was not of such complexity that it created a genuine danger of confusing the jury. Id., 337–38. "While the jury was instructed to consider several factors pertaining to the self-defense claim, these factors were applicable to a 'short continuous incident' that realistically could not be atomized into discrete, distinct events." Id., 337. Therefore, the defendant's claim of error is not of constitutional dimension, and we decline to review it. Id., 338.

## III

In his third claim of error, the defendant argues that the court's comments to the jury violated General Statutes § 54-89 in that they had the effect of directing a verdict against him. Section 54-89 provides in pertinent part: "[T]he court shall submit the facts to the jury without directing how to find their verdict."

In disposing of this claim, we note that a trial court has liberal discretion to comment on the evidence as long as it does not misstate or unfairly summarize the evidence and thereby invade the province of the jury as the trier of the facts. *State* v. *Mackor,* 11 Conn. App. 316, 326, 527 A.2d 701 (1987). In some cases, the trial court has not only the right, but often the duty, to comment on the evidence. *State* v. *Reid,* 193 Conn. 646, 663, 480 A.2d 463 (1984). The record in this case does not disclose that the trial court's comments exceeded proper bounds.

There is no error.

In this opinion the other judges concurred.