STATE OF CONNECTICUT *v.* LUIS MALDONADO
(7067)

DALY, O'CONNELL and NORCOTT, Js.

Argued September 14—decision released October 10, 1989

138

*David P. Friedman,* special public defender, with whom, on the brief was *Paul F. Thomas,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Brown,* state's attorney, and *Linda Knight,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant was convicted after a jury trial of the crimes of unlawful possession of a narcotic substance with intent to sell in violation of General Statutes § 21a-277 (a), carrying a pistol on his person without a permit in violation of General Statutes §§ 29-35 (a) and 29-37 (b), and criminal possession of a pistol in violation of General Statutes § 53a-217 (a). These convictions were based on a short, continuous incident wherein two police officers, while in the process of assisting in the execution of an arrest warrant against a different individual, observed the defendant on the second floor landing of the fire escape of a building. The defendant first dropped a white handkerchief from his right hand and, as the officers proceeded to the second floor, he entered a doorway into the building. The same two officers immediately retrieved the handkerchief, which was found lying on the landing of the fire escape, and, upon seeing that twelve packets of cocaine and a loaded gun were wrapped in the handkerchief, they proceeded to chase the defendant. Another officer in the vicinity assisted in the defendant's arrest by apprehending him.

The defendant appeals the conviction of unlawful possession of a narcotic substance with intent to sell assert-

ing (1) that the trial court erred in giving a jury instruction on the meaning of constructive possession since there was insufficient evidence to warrant an instruction on this form of possession, and (2) that the trial court violated his constitutional right to a unanimous jury verdict by failing to instruct the jury that it had to agree on how the element of possession was proven by the state.

As to the first issue, we find, from our review of the record, that sufficient evidence was presented to warrant a jury instruction on constructive possession. As to the second issue, this court denies review under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 526 (1973), because the defendant's claim of error is not of constitutional dimension. See *State* v. *Bailey,* 209 Conn. 322, 337–38, 551 A.2d 1206 (1988); *State* v. *Paladino,* 19 Conn. App. 576, 580, 563 A.2d 321 (1989); cf. *State* v. *Torrice,* 20 Conn. App. 75, 564 A.2d 330 (1989); *State* v. *Ostolaza,* 20 Conn. App. 40, 564 A.2d 324 (1989).

There is no error.