STATE OF CONNECTICUT *v.* CHARLES COLEMAN
(12812)

SCHALLER, SPEAR and HENNESSY, Js.

Argued May 23—decision released July 25, 1995

*Temmy Ann Pieszak,* assistant public defender, for the appellant (defendant).

*Harry Weller,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *John Waddock,* assistant state's attorney, for the appellee (state).

SCHALLER, J. The defendant appeals from the judgment of conviction of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1),[1] burglary in the second degree in violation of General Statutes § 53a-102,[2] unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a),[3] four counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1),[4] and robbery in the third degree in violation of General Statutes § 53a-136 (a).[5] The dispositive issue on appeal is whether the destruction of certain evidence deprived the defendant of his right to due process of law under article first, § 8, of the Connecticut constitution. We remand the case to the trial court with direction to reconsider the defendant's motion to dismiss in light of *State* v. *Morales*, 232 Conn. 707, 657 A.2d 585 (1995).

[1] General Statutes § 53a-101 (a) provides in relevant part: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and: (1) He is armed with explosives or a deadly weapon or dangerous instrument . . . ."

[2] General Statutes § 53a-102 (a) provides: "A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

[3] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

[4] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[5] General Statutes § 53a-136 (a) provides: "A person is guilty of robbery in the third degree when he commits robbery as defined in section 53a-133."

General Statutes § 53a-133 provides: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny."

The following facts are relevant to our disposition of this appeal. On August 12, 1986, the defendant was arraigned on seven charges stemming from a burglary, robbery and repeated sexual assaults that occurred in the early morning of March 4, 1986. An agreement was reached in which the defendant pleaded guilty under the *Alford* doctrine[6] to the charges, as well as other charges from eight other files. Prior to sentencing, the defendant sought to withdraw all of his pleas. The trial court allowed the defendant to withdraw his plea on one count from another file, but denied his motion to withdraw his pleas in this case. The defendant was sentenced to thirty-five years in prison on all charges from all nine files.

On appeal, we affirmed the trial court's refusal to allow the defendant to withdraw his plea. *State* v. *Coleman*, 17 Conn. App. 307, 552 A.2d 442 (1989). Subsequently, the defendant filed a petition for habeas corpus relief in federal court claiming that his plea canvass was defective. The United States District Court for the District of Connecticut vacated the defendant's pleas and remanded the matter for trial. After that decision, on February 19, 1992, the New Haven police department destroyed several pieces of evidence from the case. The destruction of that evidence was carried out pursuant to a court order dated June 6, 1990. A sex crime kit, which was not included on the list was erroneously destroyed. The kit contained physical evidence pertinent to the sexual assault. The United States Court of Appeals for the Second Circuit subsequently affirmed the decision of the District Court.

After pleading not guilty to all counts, the defendant elected to be tried by the court. The defendant requested that the sex crime kit be made available for

---

[6] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

DNA testing. When the state revealed that the kit had been erroneously destroyed, the defendant moved to suppress any test results and information regarding the testing of items in the kit, and to dismiss the charges on the basis of the state's destruction of potentially exculpatory physical evidence. The motions were denied. The trial court found the defendant guilty on seven of the eight counts as charged. On the other count, the court found the defendant guilty of the lesser included offense of burglary in the second degree. The defendant received an effective sentence of 110 years in prison.

The defendant claims that the trial court improperly denied his motion to dismiss, which he based on the state's destruction of physical evidence, thereby depriving him of due process of law. We do not reach this issue, however, because we remand the case to the trial court to reconsider the defendant's motion to dismiss in light of *State* v. *Morales,* supra, 232 Conn. 707.

When the defendant moved to dismiss on the basis of the state's destruction of the sex crime kit, the trial court applied the bad faith test under *State* v. *Leroux,* 18 Conn. App. 223, 227, 557 A.2d 1271 (1989), cert. denied, 212 Conn. 809, 564 A.2d 1072.[7] The trial court stated: "The court finds that the police in destroying the sex crimes kit did not act vindictively, or in bad faith, but acted on the basis that there had been a court order to destroy inventoried items including the sex crimes kit and acted in accordance with that belief." The trial court concluded that there was no bad faith on the part of the police in destroying the evidence, and thus denied the motion to dismiss.

---

[7] Under the federal standard, due process is not violated unless the police act in "bad faith," i.e., had " 'knowledge of the exculpatory value of the evidence at the time it was lost or destroyed.' " *State* v. *Leroux,* supra, 18 Conn. App. 227.

Subsequent to the trial court's decision, our Supreme Court decided *State* v. *Morales,* supra, 232 Conn. 707. The *Morales* court rejected the federal bad faith test as enunciated in *Arizona* v. *Youngblood,* 488 U.S. 51, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988), and instead adopted the *Asherman* balancing test of *State* v. *Asherman,* 193 Conn. 695, 724, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985), as the appropriate standard under the state constitution in assessing whether a defendant is deprived of a fair trial by the loss or destruction of evidence. *State* v. *Morales,* supra, 726–27.

The Supreme Court held that "in determining whether a defendant has been afforded due process of law under the state constitution, the trial court must employ the *Asherman* balancing test, weighing the reasons for the unavailability of the evidence against the degree of prejudice to the accused. More specifically, the trial court must balance the totality of the circumstances surrounding the missing evidence, including the following factors: 'the materiality of the missing evidence, the likelihood of mistaken interpretation of it by witnesses or the jury, the reason for its nonavailability to the defense and the prejudice to the defendant caused by the unavailability of the evidence.' *State* v. *Asherman,* supra, 193 Conn. 724." *State* v. *Morales,* supra, 232 Conn. 726–27.

The *Morales* decision applies to this case. A new constitutional rule applies to any case pending on direct appeal at the time the new rule is announced. *Griffith* v. *Kentucky,* 479 U.S. 314, 322–23, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987); *Johnson* v. *Warden,* 218 Conn. 791, 797, 591 A.2d 407 (1991). "[F]ailure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication." *Griffith* v. *Kentucky,* supra, 322.

Our Supreme Court announced a new rule under our state constitution when it declared that the *Asherman* balancing test must be used in cases involving a claim of violation of due process because of the loss or destruction of physical evidence. Because direct review is pending as to the defendant, it is mandated that the new rule be applied in this case. Id.

There is no doubt that the trial court applied the federal bad faith test in finding that "the police in destroying the sex crimes kit did not act vindictively, or in bad faith . . . ." A ruling cannot stand if it " 'involve[s] the application of some erroneous rule of law material to the case.' " *Morris* v. *Costa*, 174 Conn. 592, 597, 392 A.2d 468 (1978). Because the bad faith test applied by the trial court was later determined by the Supreme Court to be inappropriate, we conclude that this case must be remanded to the trial court so that the *Asherman* balancing test as required by *Morales* can be applied.

Because the outcome on remand, which could result in dismissal, is not predictable, we do not address any of the other claims.

The case is remanded for further proceedings to reconsider the defendant's motion to dismiss by applying the appropriate balancing test in light of *State* v. *Morales*, supra, 232 Conn. 707.

In this opinion the other judges concurred.