## STATE OF CONNECTICUT *v.* JAMES DARDEN
### (15360)

Berdon, Katz, Palmer, McDonald and Peters, Js.

Argued November 1—officially released December 31, 1996

*Lawrence J. Tytla,* senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane,* state's attorney, for the appellant (state).

*Jeremiah Donovan,* with whom, on the brief, was *Alix Biel,* law student intern, for the appellee (defendant).

MCDONALD, J. The sole issue in this certified appeal is whether the Appellate Court properly ordered a new trial rather than an evidentiary hearing after concluding that the trial court did not apply the *Asherman*[1] balancing test to determine whether the failure of the state to preserve potentially exculpatory evidence deprived the defendant of due process under the Connecticut constitution. *State* v. *Darden,* 39 Conn. App. 645, 648–51, 666 A.2d 831 (1995).

The state charged the defendant, James Darden, with assault in the first degree in violation of General Statutes § 53a-59 (a) (1), assault in the first degree in violation of General Statutes § 53a-59 (a) (4)[2] and conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-59 and 53a-48 (a).[3] There was

---

[1] *State* v. *Asherman,* 193 Conn. 695, 724, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985).

[2] General Statutes § 53a-59 (a) provides in pertinent part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or . . . (4) with intent to cause serious physical injury to another person and while aided by two or more other persons actually present, he causes such injury to such person or to a third person . . . ."

[3] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

evidence before the jury that the assault had taken place in prison, where the defendant and another inmate repeatedly stabbed a fellow inmate with "shanks," or prison-made knives. The two shanks and a paper bag in which they were found were destroyed before trial.

Because the trial court did not conduct an *Asherman* balancing test, we do not have its findings of fact concerning the destruction of the evidence. There was evidence, however, that the victim delayed reporting the incident, during which time the items were discovered in a routine search of a cubicle adjoining the defendant's and the paper bag was discarded. There was also evidence that the shanks were destroyed pursuant to a court order when a codefendant's case was concluded. After defense counsel learned that the state had destroyed the two shanks and the paper bag, he filed a motion to dismiss the case and requested, in the alternative, an adverse jury instruction. The trial court denied the motion and refused to charge as requested.

Following a guilty verdict and judgment of conviction, the defendant appealed to the Appellate Court, arguing, inter alia, that the trial court failed to find that the destruction of potentially exculpatory evidence violated his right to due process under article first, § 8, of the Connecticut constitution. While the defendant's appeal was pending, we decided *State* v. *Morales*, 232 Conn. 707, 657 A.2d 585 (1995), holding that in determining whether a defendant has been afforded due process of law under the Connecticut constitution, a court should "employ the *Asherman* balancing test, weighing the reasons for the unavailability of the evidence against the degree of prejudice to the accused." Id., 727. The Appellate Court held that because the trial court had not conducted the necessary balancing test, the judgment must be reversed and the case remanded for a new trial. *State* v. *Darden*, supra, 39 Conn. App. 650–51. We

granted the state's petition for certification to appeal[4] and now reverse the judgment of the Appellate Court.

The state argues that the Appellate Court improperly ordered a new trial. We agree. The Appellate Court reasoned that, given the circumstances, a remand for the purpose of performing the balancing test would have been inappropriate and, therefore, concluded that the only available remedy was a new trial. Id. We conclude that the Appellate Court should have remanded the case to the trial court for a full evidentiary hearing regarding the defendant's due process claim. The trial court could consider the evidence presented at trial as well as any additional evidence that the parties might present; see, e.g., *State* v. *Coleman*, 38 Conn. App. 531, 536, 662 A.2d 150, cert. denied, 235 Conn. 906, 665 A.2d 903 (1995); and then decide if a remedy not afforded was required after balancing the *Asherman* factors. The *Asherman* factors include the " 'materiality of the missing evidence, the likelihood of mistaken interpretation of [the evidence] by witnesses or the jury, the reason for its nonavailability to the defense and the prejudice to the defendant caused by the unavailability of the evidence.' "[5] *State* v. *Morales*, supra, 232 Conn. 727. The trial court could then properly decide if a new trial is required because of a violation of the defendant's due process rights.[6] In the absence of a hearing, the *Asher-*

[4] We granted the state's petition for certification to appeal, limited to the following issue: "Having found that the state had inadvertently destroyed evidence relevant to the defendant's guilt, did the Appellate Court properly order a new trial rather than an evidentiary hearing?" *State* v. *Darden*, 236 Conn. 905, 906, 670 A.2d 1306 (1996).

[5] "In measuring the degree of prejudice to an accused caused by the unavailability of evidence, the trial court properly may evaluate the strength or weakness of the state's case, as well as the corresponding strength or weakness of the defendant's case." *State* v. *Morales*, supra, 232 Conn. 727 n.22.

[6] In a case in which the failure of the state to preserve potentially exculpatory evidence violates the defendant's due process rights, "[t]he trial court is not faced with the Hobson's choice of either dismissing all criminal charges or denying any relief whatsoever to a criminal defendant who possibly has

*man* factors were not before the Appellate Court and are not before this court. It may be unnecessary and a waste of judicial resources to retry a defendant whose case may have already been resolved fairly.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court to consider the defendant's due process claim by applying the appropriate balancing test in light of *State* v. *Morales*, supra, 232 Conn. 707. The Appellate Court is directed to retain jurisdiction of this matter.

In this opinion the other justices concurred.

been prejudiced . . . . Rather, the trial court may fashion another remedy that appropriately ameliorates or offsets the prejudice that the defendant has suffered as a result of the unavailability of the evidence." *State* v. *Morales*, supra, 232 Conn. 729.