STATE OF CONNECTICUT *v.* CHARLES W. COLEMAN
(AC 13103)

O'Connell, C. J., and Spear and Freedman, Js.

---

Argued December 5, 1997—officially released March 31, 1998

*Richard Emanuel*, assistant public defender, for the appellant (defendant).

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *John Waddock*, assistant state's attorney, for the appellee (state).

FREEDMAN, J. This matter is currently before us on remand from the Supreme Court. *State* v. *Coleman,* 241 Conn. 784, 699 A.2d 91 (1997). The defendant originally appealed to this court from a judgment of conviction, rendered after a jury trial, of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), burglary in the second degree in violation of General Statutes § 53a-102 (a), sexual assault in the first degree in violation of General Statutes (Rev. to 1985) § 53a-70 (a), and unlawful restraint in the first degree in violation of General Statutes (Rev. to 1985) § 53a-95.

In his original appeal to this court, the defendant asserted that (1) the evidence was insufficient to establish his guilt of the crimes charged, (2) the trial court improperly admitted into evidence certain items that were never connected to the commission of the crimes charged, (3) his rights were violated by (a) his conviction of burglary in the second degree and (b) his conviction of unlawful restraint in the first degree, (4) the trial court improperly charged the jury regarding burglary in the first degree and the definition of reasonable doubt, and (5) his rights were violated by the destruction of physical evidence. We resolved the first and second issues, ordered a new trial, and, therefore, declined to afford him review on the other issues. *State* v. *Coleman,* 42 Conn. App. 78, 679 A.2d 950 (1996), rev'd, 241 Conn. 784, 699 A.2d 91 (1997).

Our Supreme Court granted certification limited to the following issues: (1) "Did the Appellate Court properly conclude that the trial court improperly admitted certain knives into evidence?" and (2) "If the answer to question 1. is yes, was the error harmful?" *State* v. *Coleman,* 239 Conn. 913, 682 A.2d 1007 (1996). The Supreme Court concluded that this court improperly determined that the trial court should not have admitted

the evidence concerning the four knives. *State* v. *Coleman*, supra, 241 Conn. 789. The Supreme Court, therefore, reversed the judgment of this court and remanded the case to us with direction to consider the defendant's remaining claims on appeal. Id., 792.

The facts that the jury reasonably could have found are stated in both *State* v. *Coleman*, supra, 241 Conn. 784, and *State* v. *Coleman*, supra, 42 Conn. App. 78. Additional facts relevant to this appeal will be set forth as each of the defendant's remaining claims are addressed by this court.

## I

The defendant first argues that his rights were violated by (1) his conviction of burglary in the second degree and (2) his conviction of unlawful restraint in the first degree. We address each of these claims separately.

## A

The following facts are necessary for a resolution of the defendant's claim that his rights were violated by his conviction of burglary in the second degree. On July 25, 1986, the state filed a substitute information charging the defendant with burglary in the first degree, sexual assault in the first degree, unlawful restraint in the first degree and robbery in the third degree. Regarding the burglary count, the information charged that the defendant was guilty of burglary in the first degree in violation of § 53a-101 (a) (2).[1] On May 27, 1987, the defendant, pursuant to a plea agreement, pleaded guilty to burglary in the first degree, sexual assault in the first degree and robbery in the third degree. The

[1] General Statutes § 53a-101 (a) provides in relevant part: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and . . . (2) in the course of committing the offense, he intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone."

defendant was sentenced on those three charges and the unlawful restraint charge was nolled. The trial court subsequently denied the defendant's motion to withdraw his guilty plea. The defendant's conviction was affirmed on appeal. *State* v. *Coleman*, 17 Conn. App. 307, 552 A.2d 442 (1989).

The defendant then filed a petition for a writ of habeas corpus with the United States District Court for the District of Connecticut, which ordered the state to permit the defendant to withdraw his guilty plea. The defendant subsequently changed his plea of guilty to not guilty on all counts of the substitute information and elected a trial by jury. After the defendant was permitted to withdraw his guilty plea, the state filed a substitute information adding a second count of burglary in the first degree. The additional count specified that the defendant was guilty of burglary in the first degree in violation of § 53a-101 (a) (1).[2] On October 5, 1993, after the jury had been selected and before the commencement of evidence, the state again filed an amended information,[3] which deleted the newly added charge of burglary in the first degree pursuant to § 53a-101 (a) (1), and replaced it with a charge of burglary in the second degree pursuant to § 53a-102.[4]

The defendant moved to strike the charge of burglary in the second degree on the grounds that it violated the constitutional prohibition of double jeopardy and was filed for reasons of prosecutorial vindictiveness. The state argued in response that the charge of burglary in

[2] General Statutes § 53a-101 (a) provides in relevant part: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and: (1) He is armed with explosives or a deadly weapon or dangerous instrument . . . ."

[3] Another information was filed on October 8, 1993. That information is not relevant to the issue presently before the court.

[4] General Statutes § 53a-102 (a) provides: "A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

the second degree was "not a new charge" but rather was "merely an alternative means of committing [the burglary in question]." The state also argued that the defendant had notice of that charge. Finally, the state argued that the defendant could not be prejudiced by the charge of burglary in the second degree because the court could not impose consecutive sentences if the jury convicted the defendant of burglary in the first degree and burglary in the second degree.[5] The trial court denied the motion to strike, and the defendant was convicted and sentenced on both burglary counts.[6]

In his brief to this court, the defendant presents two arguments in support of his claim that his conviction of burglary in the second degree was unlawful. He first argues, citing Practice Book § 624, now Practice Book (1998 Rev.) § 36-18, that the charge was not timely filed. Next, he argues that the multiple convictions violated the restriction on double jeopardy. We need not address these particular claims because we conclude that under the unique circumstances of this case, the defendant's conviction of second degree burglary should be vacated.

[5] The state argued in relevant part: "What we are talking about is merely a[n] alternative means of committing the same offense, that being the burglary. . . . I would submit that the jury could very well find the defendant guilty of both of those counts, but should that happen, the court would not be entitled to impose an accumulative sentence greater than the burglary in the first degree. It could, in other words, it could not run consecutive sentences on that burglary first. Therefore, he is not in a different position with regard to the burglary count. He is not prejudiced in any fashion by the additional burglary in the second degree. He had notice previously . . . as to what the state is claiming and so, therefore, it is not adding the charge by any stretch, therefore, exposing him to a greater penalty . . . and there is not vindictiveness because there is no greater exposure that the defendant could suffer from the addition of that. . . . This is not a new charge. It is, in fact, merely an additional alternative means of committing the same offense."

[6] The defendant was sentenced to fifteen years on the count of burglary in the first degree and five years on the count of burglary in the second degree to run concurrent with the sentence on burglary in the first degree.

It is clear from the record before us that the state never intended to have the defendant sentenced for more than one count of burglary. The defendant nevertheless was convicted and sentenced on both the first degree burglary and second degree burglary charges. At oral argument before this court, both originally and on remand, the state conceded that there should be only one conviction for burglary. We therefore vacate the defendant's conviction and sentence on the charge of burglary in the second degree.

## B

The following additional facts are necessary for a resolution of the defendant's claim that his rights were violated by his conviction of unlawful restraint in the first degree.

As previously noted, pursuant to a plea agreement, the defendant pleaded guilty to and was sentenced on charges of burglary in the first degree, sexual assault in the first degree and robbery in the third degree. The count charging the defendant with unlawful restraint was nolled. After the defendant was permitted to withdraw his guilty pleas, the defendant changed his plea of guilty to not guilty on all counts, including the count charging him with unlawful restraint, and elected a trial by jury.[7] The defendant was eventually convicted of burglary in the first degree, burglary in the second degree, sexual assault in the first degree and unlawful restraint in the first degree.[8]

The defendant argues that his conviction for unlawful restraint in the first degree was improper because the nolled charge was never properly reinstated and was barred by the statute of limitations. We disagree.

---

[7] At that time, counsel for the defendant specifically stated that he was not waiving his right to raise the jurisdictional issue regarding the previously nolled charge of unlawful restraint in the first degree.

[8] The defendant was found not guilty of robbery in the third degree.

With regard to the defendant's claim that the unlawful restraint charge was never properly reinstated, the defendant argues, citing Practice Book § 727, now Practice Book (1998 Rev.) § 39-31,[9] that in order to proceed on a previously nolled charge, a new prosecution must be initiated, i.e., there must be a new information, a new case and a new arrest. The defendant argues, therefore, that simply adding the nolled charge to the third and subsequent informations was a jurisdictionally defective method of reinstating that charge.

We initially note that although the defendant did move to strike the unlawful restraint count, he did not make the argument that he presents on appeal. The defendant, therefore, seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and the plain error rule. We conclude that this claim does not warrant either *Golding* or plain error review.

Pursuant to *Golding*, a defendant can prevail on his unpreserved claim only if he meets all of the following requirements: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id. "In harmony with the objective of *Golding*, the defendant's claim may be disposed of by focusing on whichever condition is most relevant in the particular circumstances." (Internal quotation marks omitted.) *State* v.

---

[9] Practice Book § 727, now Practice Book (1998 Rev.) § 39-31, provides: "The entry of a nolle prosequi terminates the prosecution and the defendant shall be released from custody. If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated."

*Rose*, 41 Conn. App. 701, 706–707, 679 A.2d 19, cert. denied, 239 Conn. 906, 682 A.2d 1011 (1996).

We conclude that pursuant to *Golding*, the defendant has failed to establish that this claim is of constitutional magnitude. This is so because "[i]f [a] plea is withdrawn . . . that means that the defendant will plead anew to the original charges. *Santobello* v. *New York*, [404 U.S. 257, 263 n.2, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971)]." *State* v. *Nelson*, 23 Conn. App. 215, 220, 579 A.2d 1104, cert. denied, 216 Conn. 826, 582 A.2d 205 (1990), cert. denied, 499 U.S. 922, 111 S. Ct. 1315, 113 L. Ed. 2d 248 (1991). In the present case, therefore, after the defendant was permitted to withdraw his guilty plea, he faced prosecution on that information to which he had earlier entered his guilty pleas. This information included the count charging unlawful restraint. Because the defendant did "plead anew to the original charges," we conclude that the defendant has failed to establish that this claim is of constitutional magnitude.[10] For the same reason, we conclude that the defendant's claim does not warrant plain error review.[11]

The defendant further claims that the nolled charge of unlawful restraint was barred by the statute of limitations, General Statutes § 54-193. According to the defendant, because the entry of a nolle has no effect on the running of the statute of limitations, the limitations period expired on July 8, 1991. We disagree.

The statute of limitations is not a jurisdictional bar to prosecution. *State* v. *Coleman*, 202 Conn. 86, 91, 519

---

[10] In reaching this conclusion, we further note that the withdrawal of the guilty pleas that were entered as part of a plea bargain "necessarily unravels the entire plea bargain." *State* v. *Alicea*, 41 Conn. App. 47, 60 n.14, 674 A.2d 468 (1996).

[11] Practice Book § 4061, now Practice Book (1998 Rev.) § 60-5, provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

A.2d 1201 (1987). It is an affirmative defense and hence waivable. *State* v. *Littlejohn*, 199 Conn. 631, 640, 508 A.2d 1376 (1986). The defendant did not raise a statute of limitations defense at trial. He has, therefore, waived this defense and is barred from raising it on appeal.

## II

The defendant next argues that the trial court improperly charged the jury on burglary in the first degree and the definition of reasonable doubt. We will consider these issues separately.

## A

The trial court instructed the jury, inter alia, that to find the defendant guilty of burglary in the first degree pursuant to § 53a-101 (a) (2), it must find that the defendant "intentionally, knowingly or recklessly inflict[ed] or attempt[ed] to inflict bodily injury on anyone." The trial court subsequently charged that the defendant must have "intentionally or knowingly inflicted or attempted to inflict bodily harm." The trial court did not define "bodily injury" or "bodily harm." In its charge to the jury on the elements of sexual assault in the first degree, the court charged the jury that "physical injury means impairment of physical condition or pain." At the conclusion of the charge, the state excepted to the failure of the trial court to define "bodily injury" in its charge on burglary in the first degree. The trial court subsequently recalled the jury and instructed that bodily injury and physical injury are synonymous.[12]

---

[12] The trial court charged as follows: "On a couple of occasions during the course of the charge, the court referred to bodily injury and physical impairment, for the purpose of bodily injury is the same as physical injury; bodily injury as contained in burglary in the first degree, and physical injury as contained in sexual assault, at least for the purpose of being synonymous, and they mean that physical impairment of bodily function or pain. So that, as far as you are concerned, bodily injury and pain are synonymous, and that means impairment of bodily function or pain, for your purposes as to each of those statutes that I referred to."

The defendant argues that the trial court improperly ascribed the same definition to two different statutory terms. According to the defendant, because "bodily injury" is distinct from "pain," the definition of "bodily injury" must exclude any reference to "pain," either mental or physical. The defendant contends that because the trial court improperly instructed the jury on the elements of burglary in the first degree, he is entitled to a new trial. We disagree.

We initially note that the defendant failed to take an exception to the charge at trial and now seeks review of this claim pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40. "[B]ecause the failure to instruct the jury adequately with regard to an essential element of the crime may result in a due process violation implicating the fairness of the trial . . . we conclude that the issue is one of constitutional magnitude implicating a fundamental right." (Citations omitted.) *State* v. *Jackson*, 34 Conn. App. 599, 605–606, 642 A.2d 738, cert. granted, 231 Conn. 917, 648 A.2d 165 (1994) (appeal withdrawn October 18, 1994). The defendant therefore, is entitled to *Golding* review.

"In reviewing a constitutional challenge to the trial court's instructions, we must consider the jury charge as a whole to determine whether it is reasonably possible that the instruction misled the jury. . . . The test is whether the charge as a whole presents the case to the jury so that no injustice will result." (Internal quotation marks omitted.) *State* v. *Cartagena*, 47 Conn. App. 317, 320, 708 A.2d 964 (1997), cert. denied, 244 Conn. 904, 714 A.2d 3 (1998).

In *State* v. *Phillips*, 17 Conn. App. 391, 552 A.2d 837 (1989), we upheld a jury charge that "bodily injury" means "impairment of physical condition or pain." The defendant had argued in *Phillips* that bodily injury relates solely to physical pain and injuries, and that the

trial court's instruction improperly permitted the jury to rely on evidence of the victim's mental pain. Id., 393. We rejected the defendant's claim, concluding that "[w]e will not find error in the jury instruction by construing one word, namely pain, in a hypertechnical manner. The charge, read as a whole, was adequate to guide the jury to a correct verdict." Id., 395.

As in *Phillips*, we conclude that the charge in this case provided the jury with a clear understanding of the elements of the crime charged. We reach this conclusion despite the defendant's reliance on *State* v. *Milum*, 197 Conn. 602, 500 A. 2d 555 (1985), in support of his position that the concept of "pain" is separate and distinct from the concept of bodily "injury." In *Milum*, the defendant was charged with assault in the first degree with a dangerous weapon in violation of General Statutes § 53a-59 (a) (1), which provides in pertinent part: "(a) A person is guilty of assault in the first degree when: (1) With intent to cause *serious* physical injury to another person, he causes such injury . . . ." (Emphasis added.) The defendant in *Milum* argued that the trial court improperly refused to strike the victim's testimony that she had experienced emotional trauma as a result of the incident. *State* v. *Milum*, supra, 618. Our Supreme Court held in *Milum* that in the context of the relevant statutes, i.e., §§ 53a-59 (a) (1) and 53a-3 (3) and (4), the disjunctive "pain" as an alternative type of "physical injury" under § 53a-3 (4) did not fall within the meaning of "serious physical injury."[13] Id., 618–19.

---

[13] The Supreme Court specifically stated, " 'Serious physical injury' is defined by General Statutes § 53a-3 (4) as 'physical injury *which* creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ . . . .' (Emphasis added.) 'Physical injury,' in turn, is defined by General Statutes § 53a-3 (3) as 'impairment of physical condition *or* pain . . . .' (Emphasis added.) Pain is '[m]ental suffering or distress' . . . as opposed to 'physical' injury which 'relates to the body, as distinguished from the mind.' . . . In the context of these statutes, i.e., §§ 53a-59 (a) (1),

We do not read *State* v. *Milum*, supra, 197 Conn. 602, to support the defendant's claim that bodily injury cannot include pain. As we stated in *State* v. *Phillips*, supra, 17 Conn. App. 394, the court in *Milum* "was applying [the definition of pain] to 'serious physical injury' as an element of assault in the first degree (§ 53a-59 [a]), a situation clearly distinguishable from the present case."

For the foregoing reasons, we conclude that the jury charge as given by the trial court was constitutionally adequate.

B

The defendant argues that the trial court improperly charged the jury regarding the concept of reasonable doubt.[14] The defendant concedes that our Supreme Court and this court have upheld jury instructions similar or identical to the charge given. See *State* v. *Ellis*, 232 Conn. 691, 705, 657 A.2d 1099 (1995); *State* v. *Colon*, 37 Conn. App. 635, 642, 657 A.2d 247, cert. denied, 234 Conn. 911, 660 A.2d 354 (1995); *State* v. *Boyd*, 36 Conn. App. 516, 522–23, 651 A.2d 1313, cert. denied, 232 Conn. 912, 654 A.2d 356, cert. denied, 516 U.S. 828, 116 S. Ct. 98, 133 L. Ed. 2d 53 (1995); *State* v. *Harvey*, 27 Conn. App. 171, 193–94, 605 A.2d 563, cert. denied, 222 Conn. 907, 608 A.2d 693 (1992). The defendant nevertheless asserts that the charge violated his state and federal right to due process of law, as well as his right to a fair jury trial. The defendant offers no analysis, however,

53a-3 (3) and (4), the disjunctive 'pain' as an alternative type of 'physical injury' under § 53a-3 (4) does not, therefore, fall within the meaning of 'serious physical injury.' " *State* v. *Milum*, supra, 197 Conn. 618–19.

[14] The defendant specifically takes issue with the instructions that a "reasonable doubt" was "one, [for] which you can in your own minds, consciously give a reason"; "a square honest doubt"; "a doubt for which a valid reason can be assigned"; "[not] a doubt suggested by the ingenuity of the counsel or jurors, which is not warranted by the evidence"; and "a real doubt, an honest doubt."

that would differentiate his claim from the cases in which the charge was upheld. We therefore conclude that this claim is without merit.

## III

The defendant's final claim is that his rights were violated by the destruction of physical evidence. The following facts are necessary to the resolution of this claim.

On July 7, 1986, the police seized the victim's nightgown, underwear and bedding, and took swabs from a wet area on the sheet and mattress. The parties stipulated at trial that those items were placed in the New Haven police property room on July 7, 1986, and were subsequently delivered to the state police forensic laboratory in Meriden. Some time thereafter, the items were returned to the New Haven police department and were subsequently destroyed.

The stipulation regarding those items was read to the jury. The jury was then excused and the defendant proffered a motion to dismiss based on the destruction of physical evidence. Counsel for the state then outlined what had occurred with respect to the items of physical evidence referred to in the stipulation. According to counsel, after learning on November 3, 1988, that the case had been disposed of, the laboratory in Meriden returned the items to the New Haven police department on November 4, 1988, without testing them. On June 6, 1990, the court ordered the destruction of all of the property seized in connection with all of the cases against the defendant, including the present case. According to counsel for the state, the destruction of the items occurred on June 11, 1990.[15]

---

[15] There is a discrepancy, however, as to the date that the items were actually destroyed. In another case against this defendant, *State* v. *Coleman*, 38 Conn. App. 531, 533, 662 A.2d 150, cert. denied, 235 Conn. 906, 665 A.2d 903 (1995), we noted that the items were destroyed on February 19, 1992, after the federal District Court granted habeas relief.

The parties then presented argument on the merits of the motion to dismiss, focusing on whether the destroyed evidence was potentially exculpatory. After the argument was concluded, the court indicated that it would make a ruling at 2 p.m. The trial court's ruling is not on the record. It is apparent, however, that the trial court denied the motion because defense counsel, on the record, took an exception to the ruling. The record, therefore, does not reflect the basis for the trial court's decision on the motion.

The defendant filed a motion for articulation, requesting that the trial court articulate its decision on the motion to dismiss and the factual basis therefor. The state objected to the motion on the ground that the defendant had not ascertained whether the existing transcript was complete. The trial court denied the motion for articulation. The defendant did not seek review of the trial court's denial of the motion for articulation. Accordingly, there is no basis for our reviewing that decision. Because the defendant failed to provide us with an adequate record, we decline to afford review of his claim. See *Kirei* v. *Hadley*, 47 Conn. App. 451, 458, 705 A.2d 205 (1998); *State* v. *Pieger*, 42 Conn. App. 460, 467, 680 A.2d 1001 (1996), aff'd, 240 Conn. 639, 692 A.2d 1273 (1997).

The judgment is reversed only as to the conviction of burglary in the second degree and the case is remanded with direction to render judgment of not guilty on that count. In all other respects, the judgment is affirmed.

In this opinion the other judges concurred.