[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT
This was an action seeking money damages for personal injuries sustained in a motor vehicle accident involving two vehicles. The jury returned a verdict finding both the plaintiff and the defendant equally negligent and awarding the plaintiff damages. The plaintiff moves to set aside the verdict based on claimed errors in the court's instructions to the jury.
First, the plaintiff claims that the court did not properly charge on the plaintiff's preexisting neck disability or on the plaintiff's preexisting, dormant lumbar condition. See Tuite v.Stop and Shop Companies, 45 Conn. App. 305, 696 A.2d 363 (1997). In her motion to set aside, the plaintiff states: "The court failed to complete its charge to the jury about pre-existing conditions, as the law in this state requires. The court omitted the following regarding pre-existing conditions: `the defendant is liable to the plaintiff for the effect of her injuries caused by the defendant even though their effect might be more serious than in the case of a normal person. The defendant is chargeable with all the results of the injuries proximately caused by the negligence and the defendant cannot now excuse those results by saying that the plaintiff had a pre-existing condition which would make her suffer more and longer, or cause her to be more severely injured. . . .'"
On these matters, the court charged:
 There is evidence that the plaintiff had a pre-existing disability to her neck. The rule is that a defendant must take CT Page 4701 the plaintiff as he found her. What does that mean? The defendant is liable for the aggravation of a pre-existing condition from the motor vehicle accident. The plaintiff is entitled to recover for damages proximately resulting from the accident even if the damages proximately resulting from the accident are greater than they otherwise would have been because of the plaintiff's pre-existing condition. Accordingly, any injury proximately caused by this accident is compensable. If the injury is not proximately caused by the accident, because it was caused by the plaintiff's pre-existing condition, then the injury is not compensable. It is the aggravation — It's the aggravation that the defendant will be responsible for. For example, if plaintiff — if a plaintiff in a personal injury case, before an accident, has a twenty percent disability of a knee and after an accident, as a result of that accident, has a thirty percent disability of the knee, she would entitled — she would be entitled to be compensated for ten percent. The ten percent disability of the knee caused by the accident. Again, assuming that she had a twenty percent disability of the knee before the accident, which as disability suggests, caused her problems. It is the plaintiff's burden to prove what part of her injury has been caused by this accident and what was not.
 There is evidence in the reports that the plaintiff had a seven percent per — perc — permanent partial disability impairment of her lumbar or low back, of which three percent is due to pre-existing degenerated [sic] changes. The plaintiff, however, testified and presumably told Dr. Zimmering in a exhibit, that you'll have in the jury room, that she never had low back symptoms. If you find that the plaintiff had a dormant asymptomatic degenerative condition of the low back, that was then aggravated by an injury which was caused by the defendant's negligence, she is entitled to recover full compensation for the resulting disability. That is for the seven percent, even though her resulting disability is greater than if she had not suffered from the degenerative condition. (Emphasis added.)
"In reviewing a challenge to jury instructions, we must examine the charge in its entirety. . . . While the instructions need not be exhaustive, perfect or technically accurate, they must be correct in law, adapted to the issues and sufficient for the guidance of the jury. . . . The court is under no duty at any time to charge in the exact language requested. . . . Failure to charge precisely as proposed by a [party] is not error where the CT Page 4702 point is fairly covered in the charge." (Citations omitted; internal quotation marks omitted.) Barrenechea v. Lamonica,44 Conn. App. 389, 395, 689 A.2d 1137 (1997) ; see Tomczuk v.Alvarez, 184 Conn. 182, 190, 439 A.2d 935 (1981). The court's charge on the plaintiff's preexisting condition as well as its charge on the aggravation of that condition, as opposed to aggravation of a preexisting disability, satisfied this standard. The court's charge, supra, on the effect on an award of damages of a pre-existing disability as opposed to a pre-existing condition was fashioned directly from Tuite v. Stop ShopCompanies, supra, 45 Conn. App. 305.
The plaintiff also complains that the court charged the jury on aggravation of the plaintiff's dormant, pre-existing back condition immediately after charging the jury on. aggravation of the plaintiff's pre-existing neck disability. The plaintiff posits that this sequence of instructions confused the jury. The answer here is three-fold. First, the order of the charge in this respect was the natural and logical one. Second, the court also charged the jury: "You must decide this case based only on the law that I furnish to you and on the basis of all of the law as I give it to you, regardless of the order of my instructions. You must not single out any particular instruction or give it more or less emphasis than any other. But, rather, must apply all of my instructions on the law that apply to the facts as you find them." "A jury is presumed to follow the trial court's instructions." Hammer v. Mount Sinai Hospital, 25 Conn. App. 702,707, 596 A.2d 1318, cert. denied, 220 Conn. 933, 599 A.2d 384
(1991). Third, there is no evidence, direct or circumstantial, that the jury was confused.
The plaintiff next complains that the court did not charge that, under General Statutes § 52-114, the plaintiff was presumed to be in the exercise of due care. The court need not specifically refer to either the statute or the presumption that the plaintiff was in the exercise of due care so long as it charges that it is the defendant's burden to prove its defense of contributory (comparative) negligence and to prove it by a fair preponderance of the evidence. Voronelis v. White Line Bus Corp.,123 Conn. 25, 28, 192 A. 265 (1937). This the court did.[1]
The plaintiff's complaint as to the court's charge with respect to the use of medical records is wholly without merit. "We do not critically dissect the charge in order to discover possible inaccurate statements. . . . Rather, we see if [the jury instructions] gave the jury a reasonably clear comprehension of CT Page 4703 the issues presented for their determination under the pleadings and upon the evidence and were suited to guide the jury in the determination of those issues. . . ." Walsh v. Stonington WaterPollution Control Authority, 250 Conn. 443, 455, 736 A.2d 811
(1999); see also State v. Coleman, 48 Conn. App. 260, 271,709 A.2d 590 (1998), aff'd, 251 Conn. 249, 741 A.2d 1 (1999) ("[w]e will not find error in the jury instruction by construing one word . . . in a hypertechnical manner.").
Finally, the plaintiff claims that the court erred in not charging on failure to maintain control of a motor vehicle. Just as every rear-end collision does not connote following too closely; see Wrinn v. State, 35 Conn. App. 464, 646 A.2d 869
(1994); so too every automobile accident does not connote that the defendant lost control of his vehicle. "Control of a motor vehicle connotes an ability with reasonable promptness to maneuver so as to guide and direct its course or movement in the manner willed by the operator, acting as the ordinarily careful and prudent driver would under similar circumstances; and a vehicle is under control within the meaning of the law if the driver has the mechanism and power under such control that at the speed it is traveling it can be brought to a stop with a reasonable degree of celerity. . . ." 60A C.J.S., Motor Vehicles § 290(1). Viewed in a light most favorable to the plaintiff, the evidence was that the defendant, while stopped, signaled left, or began to turn left, and then started to turn right. Indeed, the plaintiff as much as conceded this state of the evidence at oral argument on her motion. This is not evidence that reasonably suggests, directly or inferentially, any loss of control.
The plaintiff's motion to set aside the verdict is denied.
BY THE COURT
Bruce L. Levin
Judge of the Superior Court